THE HONORABLE ____________

FILED LODGED ENTERED RECEIVED

JUL 17 2006 LK

AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON DEPUTY

06-CV-01002-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLUE NILE INC., a Delaware corporation, Plaintiff, v. ICE.COM, INC., a Delaware corporation; and ODIMO INC., a Delaware corporation, Defendants. | NO. **COMPLAINT** **JURY DEMAND** C06-1002 RSL |

In and for its Complaint, plaintiff Blue Nile Inc. ("Blue Nile") alleges as follows:

## I. NATURE OF THE CASE

1. This action arises from Ice.com, Inc.'s ("ICE") and Odimo Inc.'s ("ODIMO") knowing, willful and intentional copying of protected elements of Blue Nile's website. Indeed, this action comes on the heels of and violates an existing settlement with ODIMO, negotiated during ODIMO's sale of its online retail diamond business to ICE, for ODIMO's prior illicit copying of protected elements of Blue Nile's website.

## II. PARTIES

2. Plaintiff Blue Nile is a Delaware corporation that maintains its principal place of business at 705 Fifth Avenue S., Suite 900, Seattle, Washington 98104. Blue Nile owns and operates an online diamond and fine jewelry retail sales business through the websites www.bluenile.com, www.bluenile.ca, and www.bluenile.co.uk.

ORIGINAL

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

3. Defendant ICE is a Delaware corporation with its principal place of business in Champlain, New York. ICE is the current owner and operator of the Diamond.com diamond and jewelry online retail sales business under the domain name www.diamond.com. The www.diamond.com website is distributed and displayed in interstate commerce and within this judicial district. The Diamond.com business competes directly with Blue Nile in online retail sales of diamonds and diamond jewelry.

4. Defendant ODIMO is a Delaware corporation with its principal place of business in Sunrise, Florida. ODIMO owned and operated the Diamond.com diamond and jewelry online retail sales business under the domain name www.diamond.com until on or about May 11, 2006. ODIMO and ICE are referred to collectively in this Complaint as the "Defendants."

## III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Blue Nile's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright and trademark claims).

6. This Court has subject-matter jurisdiction over Blue Nile's state law claims pursuant to 28 U.S.C § 1367(a) because those claims are so related to the federal claims as to form part of the same case or controversy. This Court also has jurisdiction over Blue Nile's state law claims of unfair competition pursuant to 28 U.S.C. § 1338(b). This Court further has jurisdiction over Blue Nile's claims of breach of contract and breach of the implied covenant of good faith and fair dealing pursuant to the Stipulation and Order for Voluntary Dismissal entered by this Court in Blue Nile Inc. v. Odimo Inc., 05-CV-01653 JLR, on May 1, 2006, and the underlying agreement between Blue Nile and ODIMO.

7. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Blue Nile's claims occurred in this District and because the Defendants are subject to personal jurisdiction in this District.

## IV. FACTS AND BACKGROUND

### A. BLUE NILE AND WWW.BLUENILE.COM

9. Founded in 1999, Blue Nile is now the leading online retailer of certified diamonds and fine jewelry. In contrast to traditional retail diamond sales practices, Blue Nile offers on its websites abundant and detailed information to educate diamond and diamond jewelry buyers and potential buyers on the qualities and characteristics of diamonds and how to select diamonds. Moreover, Blue Nile presents the information in compilations that are easy for even novice buyers and potential buyers to navigate and understand.

10. Blue Nile's approach to diamond sales and its reputation for excellence has gained notice from publications such as *Forbes, Time*, and *Money*. In addition, since 2002, Blue Nile has annually been awarded the Bizrate.com "Circle of Excellence Platinum" award, which recognizes the best online customer service as ranked by actual consumers. Blue Nile is the only jeweler to have ever received this award.

11. Blue Nile provides its diamond retail services solely through its Internet websites, www.bluenile.com (serving the United States), www.bluenile.ca (serving Canadian customers), and www.bluenile.co.uk (serving Europe).

12. Blue Nile's websites are available globally, and it sells diamonds and diamond jewelry via its websites in interstate commerce throughout the United States, and elsewhere.

13. Blue Nile's websites exemplify its unique and distinctive method of retailing diamonds and diamond jewelry. Because its business is based exclusively on Internet-based sales, Blue Nile spends significant time, effort and resources to create a distinct, novel and valuable website to attract and retain customers and potential customers. In particular, because diamonds are generally expensive commodities and customers may feel some trepidation

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

regarding purchasing diamonds and diamond jewelry over the Internet, Blue Nile strove to and did create websites and webpages that distinctly identify and are associated with Blue Nile and its reputable, reliable and award-winning diamond retail business.

14. One of the most distinctive creative elements of Blue Nile's websites is the "diamond search" webpage ("Blue Nile Diamond Search" webpage). Blue Nile created a webpage that easily, comprehensively and distinctly compiles and displays to customers and potential customers the key factors in diamond selection (*e.g.*, price, cut, color, clarity, carat). Blue Nile's unique compilation and expression of diamond selection criteria includes its creation of vertical visual scales for each criterion with "sliders" that are a visual expression of parameters that diamond-buying customers may consider in evaluating potential diamond purchases. Blue Nile's diamond search page also includes unique display boxes that show further details of diamonds (*e.g.*, depth, symmetry, culet, fluorescence, measurements) identified by Blue Nile's diamond search program pursuant to parameters set by the customer. Blue Nile publicly launched this unique and distinctive expression of its diamond search program in a beta release on February 23, 2006, and in full release on March 23, 2006.

15. Blue Nile owns all right, title and interest in the creative compilations and other expressive elements of its website, including copyrights. Its websites, including diamond search pages, display copyright notices. Blue Nile has obtained numerous copyright registrations relating to its website, including related to the newly launched diamond search webpage compilation and expression of its diamond search program. These registrations include:

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

| Reg. No. | Reg. Date | Title |
|---|---|---|
| TX 6-349-238 | June 21, 2006 | Blue Nile Diamond Search (Public Beta Version) – Sliders Section |
| TX 6-349-239 | June 21, 2006 | Blue Nile Diamond Search with Vertical Sliders (Public Beta Version) |

True and correct copies of these registration certificates are attached as Exhibit A, pp. 14-15.

16. Since the company's launch in 1999, Blue Nile has been distinguished by its websites, particularly its unique compilations and expressions of diamonds' many qualities and characteristics in manners that are easily accessed, negotiated and understood by diamond buyers or potential buyers of all levels of sophistication. Blue Nile's marketing has enhanced the trade identity significance of its websites' distinctive expressions and visual depictions. Blue Nile's compilations of simple, accurate and reliable visual and textual expressions of diamond identification, evaluation and selection criteria identify Blue Nile as a trusted, reliable and reputable online diamond seller, and have generated substantial and valuable goodwill to the company.

## B. ODIMO HAS COPIED BLUE NILE'S WEBSITES BEFORE

17. This case is not the first instance of ODIMO's efforts to associate Blue Nile's exceptional reputation and goodwill with ODIMO's less renowned www.diamond.com website by copying protected elements of the Blue Nile websites.

18. Prior to launch in 2006 of Blue Nile's current unique and distinctive expression of its diamond search program, ODIMO directly copied the visual expression of Blue Nile's diamond search features, including displaying photographs of diamonds taken from the Blue Nile webpages.

19. As a consequence, on or about September 30, 2005, Blue Nile filed a complaint for copyright infringement against ODIMO in the U.S. District Court for the Western District of Washington, styled *Blue Nile Inc. v. Odimo Inc.*, No. 05-CV-1653 JLR. Specifically, Blue Nile alleged that ODIMO's www.diamond.com website illicitly copied Blue Nile's creative visual

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

expression of diamond selection factors and parameters on Blue Nile's diamond search webpage, and Blue Nile's unique diamond photographs.

20. Blue Nile and ODIMO eventually reached a settlement that was memorialized in an agreement effective April 25, 2006 (the "Settlement Agreement"). A copy of the Settlement Agreement will be filed with the Court as Exhibit B to this complaint upon entry of an appropriate protective order or upon stipulation of the Defendants.

21. The Settlement Agreement was based in large measure on and reflects ODIMO's express and implicit representations that it would not copy Blue Nile's distinctive visual expression of diamond selection criteria on the Blue Nile diamond search webpages. Indeed, the parties agreed on a manner of expression of diamond selection factors that would not violate Blue Nile's asserted rights. *See* Exhibit B (¶ 4, Ex. A) once filed with the Court.

## C. ODIMO AND ICE, AS SUCCESSOR, COPIED BLUE NILE'S WEBSITES *AGAIN*

22. Upon information and belief, on or about May 11, 2006, only sixteen days after ODIMO signed the Settlement Agreement, ODIMO completed sale of the Diamond.com business to ICE, including the www.diamond.com Internet domain.

23. Upon information and belief, in connection with the sale, ODIMO and ICE also entered into a Transition Services Agreement which provides that, for a period of up to 60 days, ODIMO shall provide services to ICE relating to operation and maintenance of the www.diamond.com website, including technology support and fulfillment services. (If the Transition Services Agreement was also signed on May 11, 2006, it would not expire until on or about July 11, 2006.)

24. By June 2006, the www.diamond.com website mimicked Blue Nile's website again. For example, the www.diamond.com diamond search page suddenly expressed diamond selection criteria in a compilation, including a vertical visual scale *with* "sliders" and display boxes that show further details of diamonds (*e.g.*, depth, symmetry, culet, fluorescence, measurements) identified by a customer's search program, nearly identical to Blue Nile's

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

websites. Upon information and belief, these changes to the www.diamond.com website were made jointly or collaboratively by Defendants during the period of transition of the www.diamond.com website operation and maintenance from ODIMO to ICE, and both ICE and ODIMO had the right and ability to control these changes to the www.diamond.com website.

25. Upon information and belief, at all times relevant, ICE was fully aware of Blue Nile's first lawsuit against ODIMO for infringement of distinctive, original elements of Blue Nile's websites, and was fully aware of, if not clandestinely involved in, negotiations between ODIMO and Blue Nile to resolve these claims and all terms of the Settlement Agreement. Upon information and belief, ICE is successor to ODIMO with respect to all aspects the Diamond.com business, and is bound by the Settlement Agreement. The www.diamond.com website's recurrent imitation of protected elements of Blue Nile's websites, including the compilations of Blue Nile's diamond search webpages, violates the letter, spirit, and intent the Settlement Agreement, as well as the Defendants' obligation of good faith and fair dealing.

26. In copying the most distinctive elements of Blue Nile's visual customer experience, the Defendants have willfully and deliberately sought to profit from Blue Nile's pre-established goodwill and reputation.

27. The Defendants' acts in violation of Blue Nile's rights have been willful and deliberate.

28. As a direct and proximate result of the Defendants' acts, Blue Nile has suffered and continues to suffer damage in an amount to be proven at trial. The injuries suffered by Blue Nile cannot adequately be remedied at law, and Blue Nile is also entitled to the injunctive relief prayed for below.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *et seq.***
**(Against ICE and ODIMO)**

29. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if fully set forth herein.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

30. Blue Nile has registered copyrights in its "Blue Nile Diamond Search" webpages, including, but not limited to, their compilations of visual expressions of diamond quality, characteristics and selection criteria. *See* Exhibit A, pp. 14-15.

31. The Defendants had access to Blue Nile's websites, including the "Blue Nile Diamond Search" webpages.

32. The Defendants copied and/or created derivative works from the "Blue Nile Diamond Search" webpages.

33. The Defendants' presentation of diamond quality, characteristics and selection criteria on www.diamond.com is substantially similar to original protected elements of Blue Nile's copyrighted "Blue Nile Diamond Search" webpage.

34. The Defendants are not licensed or authorized by Blue Nile to use its copyrighted works.

35. At all times relevant, the Defendants obtained direct financial benefit from the infringement and had the right and ability to control the infringing conduct, and/or intentionally induced or encouraged the infringement.

36. The foregoing acts of the Defendants constitute direct infringement, vicarious infringement and/or contributory infringement of Blue Nile's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

37. Blue Nile has been and will continue to be damaged as a result of the Defendants' unlawful infringement of Blue Nile's copyrighted works in an amount to be proven at trial.

38. Upon information and belief, the Defendants' actions were intentional willful, wanton and performed in disregard of the rights of Blue Nile.

## SECOND CAUSE OF ACTION
## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a)
## (Against ICE and ODIMO)

39. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

40. The similarities between the design and presentation of diamond search features on the Defendants' www.diamond.com website published in interstate commerce and Blue Nile's distinctive diamond search features associated with its quality, reliability, reputation and goodwill is likely to cause consumer confusion or to cause mistake or to deceive as to Diamond.com's affiliation, connection, or association with and/or endorsement or approval by the same source as the Blue Nile diamond search webpage.

41. At all times relevant, the Defendants exercised joint ownership or control over the www.diamond.com website and/or intentionally induced or encouraged the infringement of Blue Nile's rights under 15 U.S.C. § 1125(a).

42. The foregoing acts of Defendants constitute false designation of association, affiliation, connection, endorsement and/or approval under 15 U.S.C. § 1125(a) and/or vicarious or contributory infringement of Blue Nile's rights under 15 U.S.C. § 1125(a).

43. Upon information and belief, Defendants have engaged in such false designation of origin, association, affiliation, connection, endorsement and/or approval willfully, deliberately, and in conscious disregard of Blue Nile's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

44. Blue Nile has been damaged and will continue to be damaged, and Defendants have been justly enriched, by such unlawful conduct in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT,**
**RCW 19.86 *et seq.***
**(Against ICE and ODIMO)**

45. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

46. The foregoing acts of the Defendants constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of RCW 19.86 *et seq.*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

47. The Defendants' conduct has affected, and continues to affect, and is contrary to public interest; tends to mislead a substantial portion of the public; is part of a generalized pattern; and has a potential for repetition.

48. As a direct and proximate result of the Defendants' conduct in violation of the Washington Consumer Protection Act, Blue Nile has been damaged and will continue to be damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Against ICE and ODIMO)**

49. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if fully set forth herein.

50. The foregoing acts of the Defendants constitute unfair competition in violation of the common law of the State of Washington.

51. Blue Nile has been damaged, and will continue to be damaged, by such unlawful conduct in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Ice.com and Odimo)**

52. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

53. The Defendants entered into or are otherwise bound by the Settlement Agreement.

54. Blue Nile satisfied its obligations to the Defendants under the Settlement Agreement.

55. The foregoing acts of the Defendants materially breach express and implied terms of the Settlement Agreement.

56. The Defendants' breaches of the Settlement Agreement were willful and malicious.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

57. Blue Nile has been and will continue to be damaged as a result of the Defendants' breaches in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against ICE and ODIMO)**

58. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if fully set forth herein.

59. There is implied into the Settlement Agreement between Blue Nile and the Defendants covenants of good faith and fair dealing.

60. The Defendants' conduct breached these covenants of good faith and fair dealing.

61. The Defendants' conduct in breaching the covenants of good faith and fair dealing was willful and malicious.

62. As a result of the Defendants' wrongful actions, Blue Nile has suffered damages in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT AND RESTITUTION**
**(Against ICE and ODIMO)**

63. Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if fully set forth herein.

64. Through the improper conduct of the Defendants, the Defendants obtained profits to which they were not entitled. It would be unjust for the Defendants to retain those ill-gotten gains.

65. Justice and equity entitle Blue Nile to recovery and restitution for the Defendants' unjust enrichment in an amount to be proven at trial.

**JURY DEMAND**

66. Pursuant to Federal Rule of Civil Procedure 38(b), Blue Nile demands a trial by jury as to all issues so triable in this action.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Blue Nile Inc. prays for the following relief:

1. A preliminary injunction and permanent injunction enjoining and restraining the Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them during the pendency of this action and thereafter perpetually from:

a. Copying, distributing, displaying, creating derivative works or otherwise using protected elements of Blue Nile's copyrighted works, including, but not limited to, Blue Nile's original means of expression of diamond quality, characteristics and selection criteria on Blue Nile websites;

b. Copying Blue Nile's distinctive trade dress in the design and presentation of diamond search features on any website owned, operated or controlled by the Defendants individually or collectively; and

c. Unfairly competing with Blue Nile in any manner.

2. An award of damages sustained by Blue Nile pursuant to 17 U.S.C. § 504(b) and as otherwise permitted by law;

3. An accounting and award of profits and other unjust enrichment derived by the Defendants from their unlawful conduct pursuant to 17 U.S.C. § 504(b) and as otherwise permitted by law;

4. An award of statutory damages pursuant to 17 U.S.C. § 504(c) and as otherwise permitted by law;

5. An award of increased or exemplary damages pursuant to 15 U.S.C. § 1117, RCW 19.86.090, including, but not limited to, treble damages, and as otherwise permitted by law;

6. An award of Blue Nile's costs of suit, including reasonable attorneys' fees pursuant to 15 U.S.C. § 117, 17 U.S.C. § 505, RCW 19.86.050, and as otherwise permitted by law;

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

7. For an award of prejudgment and pose-judgment interest; and

8. For such other relief as the Court may deem just and proper.

DATED: July 17, 2006.

Elizabeth L. McDougall, WSBA # 27026
Breena M. Roos, WSBA # 34501
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8000
Fax: 206-359-9000
Attorneys for Plaintiff Blue Nile Inc.

COMPLAINT - 13
[40790-0003/SL061870.116]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

EXHIBIT A

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-349-228

EFFECTIVE DATE OF REGISTRATION
JUN 21 2006
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
Blue Nile Diamond Search (Public Beta Version) - Sliders Section

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2 a** NAME OF AUTHOR ▼
Blue Nile, Inc.
DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No
AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ U.S.A. / Domiciled in ▶ }
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☑ No Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
html code

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼
DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No
AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ / Domiciled in ▶ }
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼
DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No
AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ / Domiciled in ▶ }
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2006 ◀ Year — This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ 02 Day ▶ 23 Year ▶ 2006
USA ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Blue Nile, Inc.
705 Fifth Ave. South, Suite 900
Seattle, WA 98104

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED 6-21-06 7-11-06
ONE DEPOSIT RECEIVED 6-21-06
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

JUL-17-2006 13:34 REC & PROC DIV 2027071899 P.02/03
JUL-7-06 9:28AM; Page 2

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-349-239

EFFECTIVE DATE OF REGISTRATION
JUN 21 2006
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
Blue Nile Diamond Search with Vertical Sliders (Public Beta Version)

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2** NAME OF AUTHOR ▼
a Blue Nile, Inc.

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶ U.S.A. / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Text, compilation and html code

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶ / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼
c

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶ / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3** a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED 2006 ◀ Year This information must be given in all cases.

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published. Month ▶ 02 Day ▶ 23 Year ▶ 2006 U.S.A. ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Blue Nile, Inc.
705 Fifth Ave. South, Suite 900
Seattle, WA 98104

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED 7-7-06 6-21-06
ONE DEPOSIT RECEIVED 6-21-06
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

15