UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
BLUE NILE, INC., a Delaware corporation, )
) No. C06-1002RSL
Plaintiff, )
) ORDER GRANTING IN PART
v. ) AND DENYING IN PART
) DEFENDANT ICE.COM'S MOTION
ICE.COM, INC., a Delaware corporation; and ) TO DISMISS CLAIMS PREEMPTED
ODIMO INC., a Delaware corporation, ) BY THE COPYRIGHT ACT
)
Defendants. )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Defendant Ice.com's Motion to Dismiss Claims Preempted by the Copyright Act" (Dkt. #24). Defendant asserts that plaintiff's claims for: (1) trade dress infringement; (2) violation of the Washington Consumer Protection Act ("CPA"); (3) unfair competition; and (4) unjust enrichment and restitution should be dismissed under Fed. R. Civ. P. 12(b)(6) as limited and preempted by the Copyright Act. Plaintiff opposes dismissal of these claims because it asserts that its trade dress and state law claims relate to defendants' copying of "the overall look and feel" of its diamond search webpages which cannot be remedied by copyright law. For the reasons set forth below, the Court grants in part and denies in part defendant's motion to dismiss.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS

## II. DISCUSSION

**A.   Background**

Plaintiff owns and operates an online diamond and fine jewelry retail sales business through three websites: www.bluenile.com; www.bluenile.ca; and www.bluenile.co.uk. Defendant Ice.com is also in the retail diamond and fine jewelry business and owns and operates its own website at www.diamond.com. Defendant Odimo Inc. owned and operated the www.diamond.com website until about May 11, 2006, when it was purchased by Ice.com.

Plaintiff alleges that defendants copied two distinct portions of its website. First, plaintiff alleges that defendants copied certain elements of plaintiff's website protected by the Copyright Act. See Response at 1 (stating this action "arises from Ice.com's and Odimo's intentional copying of specific copyrighted elements of Blue Nile's website."). Second, plaintiff alleges that defendants copied the "overall look and feel" of plaintiff's diamond search webpages. Id. at 2 ("This is a separate and distinct wrong for which Blue Nile is entitled to recover separate and apart from infringement of limited elements of its website.").

On July 25, 2006, plaintiff filed an amended complaint asserting eight causes of action for: (1) copyright infringement of its "Blue Nile Diamond Search" webpages; (2) copyright infringement of a "cushion-cut" diamond photograph; (3) trade dress infringement under the Lanham Act; (4) violation of the Washington CPA; (5) unfair competition; (6) breach of contract; (7) breach of the implied covenant of good faith and fair dealing; and (8) unjust enrichment and restitution.

**B.   Analysis**

Defendant moves to dismiss only plaintiff's Lanham Act claim and three state law claims based on Fed. R. Civ. P. 12(b)(6) and principles of copyright preemption. For clarity, plaintiff's Lanham Act claim and the state law claims are discussed separately below.

**1.      Plaintiff's Third Cause of Action for Trade Dress Infringement, 15 U.S.C. § 1125(a) of the Lanham Act**

Defendant asserts that plaintiff's trade dress claim under § 1125(a) of the Lanham Act should be dismissed because it overlaps with plaintiff's copyright claims.  The Court, however, denies dismissal of the trade dress claim at this stage of the proceeding for two reasons.

First, given the novelty of plaintiff's trade dress claim,[1] greater factual development is necessary before the Court can ascertain whether plaintiff's copyright claims provide an "adequate remedy" justifying dismissal of its trade dress claim.  See Shaw v. Lindheim, 919 F.2d 1353, 1364-65 (9th Cir. 1990) ("We decline to expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy."); Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) ("[A] court may look only at the face of the complaint to decide a motion to dismiss.").

Section 301(a) of the Copyright Act preempts certain claims arising under state common law or statutes.  See 17 U.S.C. § 301(a) ("Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.").  Section 301, however, does not limit rights or remedies under other federal statutes.  Id. § 301(d). Despite this provision, "courts have long limited application of the Lanham Act so as not to encroach on copyright interests."  1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[D][2] at 1-83 (2005).  Courts limit application of the Lanham Act in areas traditionally occupied by copyright or where the copyright laws "provide[] an adequate remedy." See Shaw, 919 F.2d at 1365; Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 34 (2003) ("Thus, in construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright.") (internal quotation omitted).  Parallel claims under the Copyright Act and

---

[1] See infra note 8 and accompanying text.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                            -3-

Lanham Act, however, are not per se impermissible. See Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007, 1011 (9th Cir. 1994) ("[W]hen a defendant violates both the Copyright Act and the Lanham Act, an award of [statutory and actual] damages is appropriate.").

Here, defendant alleges that plaintiff's copyright claims provide it with an adequate remedy because the trade dress claim "simply reiterates its copyright claims" since "[b]oth rest on the same allegation that defendants copied specified portions of Blue Nile's website." See Motion at 4. Plaintiff counters by claiming that its trade dress claim is not limited by the Copyright Act because the "look and feel" of its website is not copyrightable. While defendant claims that "[t]he Court will search in vain for this ["look and feel"] allegation in the complaint," on a motion to dismiss, the court must "read the complaint charitably . . . and . . . assume that all general allegations embrace whatever specific facts might be necessary to support them." See Reply at 2; Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).

Charitably read, the Court finds that plaintiff's allegations in paragraph 52 of its amended complaint relating to the "design and presentation of diamond search features" is sufficient to support a claim that plaintiff is seeking to protect the "look and feel" of its website. See Dkt. #3. While plaintiff's failure to describe the elements of its trade dress with greater specificity in its complaint might prove fatal during later stages of this litigation,[2] at this point, defendant has cited no authority for proposition that plaintiff cannot qualify its trade dress description as one seeking protection for the "look and feel" of its website in response to a motion to dismiss.[3]

---

[2] See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, 280 F.3d 619, 635 (6th Cir. 2002) ("A complaint is neither an injunction nor a judgment; it merely puts the defendant on notice of the plaintiff's claims. . . . Had the case proceeded further, Abercrombie would have been expected to list the elements of the designs and the unique combinations it sought to protect[.]").

[3] See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co., 292 F. Supp. 2d 535, 545 (S.D.N.Y. 2003) ("It is unclear, however, whether a trade dress plaintiff must cling to the precise language of a trade dress as stated in a complaint, or whether a plaintiff may offer a revised formulation in another filing. There is at least some support for the proposition that a plaintiff may offer an updated

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                                -4-

Plaintiff also alleges that protection of "the look and feel of the website" is a subject outside the purview of the Copyright Act. In reply, defendant has provided no legal support that plaintiff has an adequate remedy in copyright law to protect the "look and feel" of its website.[4] Determining the elements of plaintiff's website that are subject to copyright protection, and what portions of the website relate to the "look and feel" of its trade dress claim requires greater factual development. Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173 (9th Cir. 1989), a case dealing with computer software, is instructive on this point. The court defined the "user interface," or "look and feel" of a program, as generally referring to "the design of the video screen and the manner in which information is presented to the user." Id. at n.3. The Court later concluded: "Whether the nonliteral components of a program, including . . . the user interface [the "look and feel" of the program], are protected [by copyright] depends on whether, on the particular facts of each case, the component in question qualifies as an expression of an idea, or an idea itself." Id. at 1175 (emphasis added). Because section 102(b) of the Copyright Act states: "In no case does copyright protection for an original work of authorship extend to any idea," factual development is necessary here before the Court can determine what portions of plaintiff's website are protected. Accordingly, the Court concludes that defendant's 12(b)(6) motion to dismiss is not the appropriate procedural vehicle through which the Court should

formulation at a later stage in the litigation.").

[4] The Court notes, to the contrary, that the Copyright Office and at least one author have commented that copyright protection may not cover the overall format, or the look and feel, of a website. In Darden v. Peters, 402 F. Supp. 2d 638, 644 (E.D.N.C. 2005), plaintiff sought review of the Copyright Office's denial of copyright registration for a website. In granting the Copyright Office's motion for summary judgment, the court quoted the examiner's determination that "'protection for the overall format of a web page is inconsistent with copyrightability.'"). See Lisa M. Byerly, Comment, Look and Feel Protection of Web Site User Interfaces: Copyright or Trade Dress?, 14 Santa Clara Computer & High Tech. L.J. 221, 246 (1997) ("It is apparent that copyright protection will fall short of completely protecting a Web site owner from someone else using his creative Web site interface look and feel. . . . [E]ven if some copyright protection is afforded, it may not be for the entire look and feel of the Web site, and it is this total presentation that is so valuable for marketing purposes in cyberspace.").

address the overlap between the Lanham Act and Copyright Act in the context of a claim attempting to protect a website's "look and feel."[5]

Although defendant cites several cases in this jurisdiction and the Ninth Circuit involving dismissal of Lanham Act claims overlapping with copyright claims, all of these cases were decided with a developed factual background on summary judgment.[6] See Motion at 4, citing Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1115-16 (W.D. Wash. 2004) (decided on a motion for summary judgment); Shaw, 919 F.2d at 1364-65 (9th Cir. 1990) (affirming district court's dismissal of plaintiff's Lanham Act claim on summary judgment); and CD Law, Inc. v. LawWorks, Inc., 1994 U.S. Dist. Lexis 20776, at *14 (W.D. Wash. Dec. 21, 1994) (dismissing Lanham Act claim on a motion for summary judgment). Defendant has presented no authority supporting Rule 12(b)(6) dismissal of a Lanham Act claim based on the availability of an adequate remedy under copyright.[7] Therefore, the Court denies defendant's request for dismissal of plaintiff's trade dress claim at this early stage of the litigation.

Second, the Court denies defendant's motion to dismiss the trade dress claim in light of

---

[5] There are not yet enough facts for the Court to determine the similarities between plaintiff's and defendants' website, and defendant has not raised any argument that plaintiff has an adequate remedy in copyright for its "look and feel" claim. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1446 (9th Cir. 1994); 4 Nimmer on Copyright § 13.03[A][1][c] (discussing the "total concept and feel" test under substantial similarity).

[6] The cases cited by defendant are also distinguishable because they addressed claims for reverse passing off under the Lanham Act, which is not at issue in this case.

[7] The determination of whether the Lanham Act is limited by copyright is a narrower inquiry than the two-part test for preemption of state law claims under § 301 of the Copyright Act. The Lanham Act limitation is aimed at whether copyright provides an "adequate remedy." There can be no "adequate remedy" if the work cannot be copyrighted. As discussed below, however, a work may be unprotected under § 102(b) of the Copyright Act and yet be within the subject matter of copyright for preemption purposes under § 301. Although the Ninth Circuit has not addressed this issue, most circuits have held that for preemption, the "scope of the Copyright Act's subject matter is broader than the scope of the Act's protections." See Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 455 (6th Cir. 2001).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                -6-

the presumption that Fed. R. Civ. P. 12(b)(6) motions should rarely be granted, especially when the claim involves a novel legal theory. See McGary v. City of Portland, 386 F.3d 1259, 1270 (9th Cir. 2004) ("Rule 12(b)(6) dismissals are especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development" and "the court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions.") (internal citations omitted); Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.") (internal quotation and citation omitted).

Here, plaintiff seeks protection for the "look and feel" of its website under the Lanham Act. This is a novel legal theory as evidenced by plaintiff's resort to two unpublished district court cases to support its trade dress claim and the Court's survey of recent scholarship regarding protection for the "look and feel" of websites.[8] See Response at 4-5, citing Peri Hall

---

[8] As a novel theory legal, there are more articles supporting trade dress protection for the "look and feel" of websites than there are published cases deciding the merits of this theory. See G. Peter Albert, Jr. & Laff, Whitesel & Saret, Ltd., Intellectual Property Law in Cyberspace 198-99 (1999 & Supp. 2005) ("One of the next conflicts to arise between the Internet and trademark law is likely to be the question of whether a Web page contains elements protectable as trade dress. . . . Trade dress protection of Web pages has yet to be the central issue in an infringement claim."); Xuan-Thao N. Nguyen, Should It Be a Free For All?  The Challenge of Extending Trade Dress Protection to the Look and Feel of Web Sites in the Evolving Internet, 49 Am. U.L. Rev. 1233, 1276-77 (2000) ("The purpose of Section 43(a) of the Lanham Act is to protect consumers from being deceived as to the source of a product or service. To fulfill that purpose, it is logical to extend trade dress protection to the overall look and feel of web sites that are inherently distinctive or have acquired secondary meaning and are non-functional."); Jason R. Berne, Comment, Court Intervention But Not In a Classic Form:  A Survey of Remedies in Internet Trademark Cases, 43 St. Louis L.J. 1157, 1172 (1999) ("One as yet barely broached area of Internet trademark litigation involves trade dress of a website. In such a case, a plaintiff may claim that the defendant has in some way infringed on the 'total image and overall appearance' of a site, rather than one single trademark. Although no cases of trade dress infringement of a website have been reported, at least one claim has been filed on this basis.").

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                          -7-

& Assoc., Inc. v. Elliot Inst. for Soc. Sci. Research, 2006 U.S. Dist. Lexis 26234, at *2 (W.D. Mo. Mar. 20, 2006); Faegre & Benson LLP v. Purdy, 2004 U.S. Dist. Lexis 896, at *2 (D. Minn. Jan. 5, 2004).  Accordingly, the Court concludes that factual development of plaintiff's novel trade dress theory is necessary before the Court will consider conclusive disposition of this claim.  Defendant's motion to dismiss plaintiff's trade dress claim is therefore denied.

### 2. Plaintiff's State Law Claims

Defendant also moves for dismissal of plaintiff's state law claims for:  (1) violation of the Washington CPA; (2) unfair competition; and (3) unjust enrichment and restitution based on § 301(a) of the Copyright Act, which states:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 and, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Under this section, "[c]opyright preemption is both explicit and broad[.]" G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 904 (9th Cir. 1992).  The Ninth Circuit utilizes a two-part test to determine whether a state law claim is preempted.  A claim is preempted if:  (1) the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106.  See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006).

### a. Subject Matter of Copyright

Under the first part of the preemption test in this case, the Court must determine whether the "look and feel" of plaintiff's website is within the subject matter of copyright.  Portions of plaintiff's website, including "Diamond Wire Frames, V 1"; "Blue Nile Diamond Search (Public Beta Version) - Sliders Section"; "Blue Nile Diamond Search with Vertical Sliders (Public Beta

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                    -8-

Version)"; and "Blue Nile Diamond Search (Public Beta Version) - 'How to Narrow Your Search' Section" are within the subject matter of copyright because plaintiff alleges it has registered copyrights in these elements of its websites. <u>See</u> Dkt. #3; Exhibits A & B.  Despite this fact, plaintiff asserts that its state law claims are not preempted, because like its Lanham Act claim, the state law claims at issue relate to the "look and feel" its website.  <u>See</u> Response at 9 ("Blue Nile's state law claims, like its trade dress claim, address Ice.com's efforts to unfairly and unlawfully profit from the success of Blue Nile's industry-leading website.  This is not a matter within the subject of copyright, <u>supra</u>, Part II.A, and is therefore not preempted under the Copyright Act.").  This assertion, however, is contrary to the allegations of the state law claims that <u>expressly</u> <u>include</u> the copyright claim allegations.  Paragraphs 33 - 50 of plaintiff's first amended complaint contain the copyright causes of action.  Plaintiff's claims for violation of the Washington CPA, unfair competition, and unjust enrichment and restitution all incorporate these paragraphs by reference.  <u>See</u> Dkt. #3 (¶57 "Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 56 above as if fully set forth herein"; ¶61 "Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 though 60 above as if fully set forth herein"; ¶75 "Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 74 above as if fully set forth herein.").  Plaintiff cannot both expressly rely on the copyright allegations in all of its state law claims <u>and</u> assert that the state law claims are outside copyright's subject matter for purposes of avoiding preemption.

Plaintiff also argues that "[t]his is not a matter within the subject matter of copyright" because a website's "look and feel" is not among the enumerated works in 17 U.S.C. § 102(a).  <u>See</u> Response at 4, 9.  This argument is neither persuasive nor dispositive, however, because computer programs for example, are not identified in the eight categories of works listed in § 102(a) and yet the Ninth Circuit has held that they are within the subject matter of copyright.  <u>See</u> <u>Johnson Controls, Inc.</u>, 886 F.2d at 1175 ("Computer software is subject to copyright

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                          -9-

protection.");1 Nimmer on Copyright § 2.04[C] (stating that the legislative history of the Copyright Act itself shows that computer programs are within the subject matter of copyright and that subsequent amendments to the Act dispelled any "lingering doubts as to the copyrightability of computer programs").

Finally, plaintiff suggests that its state law claims should not be preempted because defendant Odimo asserted in its ninth affirmative defense and second counterclaim that the subject matter of plaintiff's copyright registrations is excluded from copyright protection. In making these assertions, however, defendant Odimo relied on § 102(b) of the Copyright Act, which states: "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated or embodied in such a work." Even if, as defendant Odimo asserts, plaintiff's website or elements thereof are unprotected under § 102(b), this does not mean that the website is outside copyright's subject matter for the preemption purposes under § 301.

Although the Ninth Circuit has not addressed the issue of whether a website's "look and feel" is protected under § 102, other circuits have held that a work may be unprotected by copyright under § 102(b) and yet be within copyright's subject matter for preemption purposes. See Wrench LLC, 256 F.3d at 455 ("the scope of the Copyright Act's subject matter extends beyond the tangible expressions that can be protected under the Act to elements of expression which themselves cannot be protected."). And, at least one district court in this Circuit has concluded that a claim based on an unprotected work under § 102(b) may still be preempted:

> When read together, subsections (a) and (b) of § 102 define what works fall within the subject matter of copyright. However, only works that meet the criteria articulated by subsection (a) are entitled to copyright protection. Therefore, an item listed in subsection (b), such as an idea, procedure, process, etc., does not receive copyright protection but is nevertheless within the subject matter of copyright for purposes of preemption.

Selby v. New Line Cinema Corp., 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000) (relying on U.S.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                    -10-

Ex Rel. Berge v. Board of Trustees of Univ. of Ala., 104 F.3d 1453, 1463 (4th Cir. 1997) and 4 Nimmer on Copyright § 16.04[C]).  Therefore, plaintiff's reference to defendant Odimo's ninth affirmative defense and second amended counterclaim is not a sufficient justification to exempt plaintiff's state law claims from preemption.

As alleged in its complaint, plaintiff's state law claims rest expressly on the same allegations as its copyright claims and plaintiff has failed to justify how the state law claims at issue are exempt from the reach of § 301.  Accordingly, for the limited purpose of preemption analysis under § 301, the Court concludes that the "look and feel" of plaintiff's website is within the subject matter of copyright.  Having made this determination, the Court must next determine whether the rights granted under the state laws forming the basis of plaintiff's claims are equivalent to the rights contained in 17 U.S.C. § 106.

### b.     Equivalent Rights

Under the second, or "equivalent rights" part the Ninth Circuit's two-part test, the state law claim must contain an "extra element" in order to survive preemption:

> To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged misappropriation . . . must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act.  Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display.  17 U.S.C. § 106.  To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights.  The state claim must have an "extra element" which changes the nature of the action.

Del Madera Props. v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987) (internal citation omitted) (overruled on other grounds).  The three state law claims subject to preemption are analyzed individually under this framework below.

### 1. Washington Consumer Protection Act Claim

Defendant argues that plaintiff's fourth cause of action for violation of Washington's CPA is preempted "because there are no 'extra elements' of CPA claims that 'makes the right asserted qualitatively different from the rights protected under the Copyright Act.'"  See Motion

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                              -11-

at 5 (citation omitted).  Plaintiff's CPA claim contains no distinct factual allegations.  It simply includes the "foregoing acts of Defendants" and "incorporates by reference the allegations" set forth earlier in the amended complaint as constituting the violation of RCW 19.86 et seq.  See Dkt. #3 at 11.  The allegations and claims expressly incorporated by reference into the CPA claim include paragraphs 33 through 50, which set forth plaintiff's copyright claims.

In Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998), plaintiff filed a complaint alleging causes of action for copyright infringement and unfair competition.  Plaintiff's unfair competition claim was dismissed on summary judgment as preempted by the Copyright Act.  The unfair competition claim "incorporate[d] by reference paragraphs from the copyright infringement claim." Id. at 1212.  For this reason, the Ninth Circuit affirmed dismissal of the unfair competition claim because it explicitly relied on the same allegations as the copyright claim, and held:

> Kodadek's complaint expressly bases his unfair competition claim on rights granted by the Copyright Act.  The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies to . . . to the public," and "to display the copyrighted work publically."  17 U.S.C. § 106, Del Madera Properties v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds).  Thus, it is clear that Kodadek's state law unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws.

Id. at 1213 (emphasis added).  It is the same here.  Based on Kodadek's holding, plaintiff's CPA claim is preempted because it incorporates the copyright claims by reference and is therefore based on rights equivalent to those protected by copyright.

The CPA claim is also preempted because despite plaintiff's assertion in its response that the claim contains "essential elements of deception, misrepresentation, and public interest impact," this does not change the underlying nature of the action in this case.  See Response at 7; Laws, 448 F.3d at 1144 ("The mere presence of an additional element ('commercial use') in section 3344 is not enough to qualitatively distinguish Laws's right of publicity claim from a

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                                    -12-

claim in copyright. <u>The extra element must transform the nature of the action</u>.") (emphasis added). The gravamen of the action here is plaintiff's claim that defendants copied portions of plaintiff's website. <u>See</u> Dkt. #3 at 1, ¶1 ("This action arises from Ice.com, Inc.'s and Odimo Inc.'s knowing, willful and intentional copying of protected elements of Blue Nile's website."). Under § 106(1) of the Copyright Act, a copyright owner has the exclusive right "to reproduce the copyrighted work." Therefore, while the elements of plaintiff's CPA claim may not be identical to the copyright claims, "the underlying nature of [Blue Nile's] state law claims is part and parcel of a copyright claim" for preemption purposes, and the Court finds that the additional allegations of "deception, misrepresentation, and public impact" do "not change the underlying nature of the action" of the CPA claim. <u>See</u> <u>Laws</u>, 448 F.3d at 1144. Accordingly, plaintiff's claim for violation of the Washington CPA is preempted and dismissed without prejudice with leave to amend.[9]

### 2. Unfair Competition Claim

Plaintiff's claim for unfair competition is preempted for the reasons set forth above in section II.B.2(b)(1) justifying dismissal of the CPA claim. Plaintiff's cause of action for unfair competition simply alleges: "The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Washington." Dkt. #3 at ¶62. Paragraph 61 of the claim, however, also incorporates by reference all of the complaint's prior allegations and claims, including the allegations supporting the two claims for copyright infringement in paragraphs 33 - 50. Under <u>Kodadek</u>, 152 F.3d at 1213, plaintiff's unfair competition claim is dismissed as preempted because by incorporating the copyright claims by reference, the unfair

---

[9] Defendant did not move for dismissal with prejudice. Furthermore, "[i]n dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995) (quoting <u>Cook, Perkiss & Liehe v. N. Cal. Collection Serv.</u>, 911 F.2d 242, 247 (9th Cir. 1990)).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                    -13-

competition claim is based on rights equivalent to those protected by copyright. See also Litchfield v. Spielberg, 736 F.2d 1352, 1358 (9th Cir. 1984) (holding that because the unfair competition and misrepresentation claims are "restatements of the copyright infringement claims, they are preempted by federal copyright law"). Furthermore, like plaintiff's CPA claim, the underlying nature of plaintiff's unfair competition claim "is part and parcel of a copyright claim." Laws, 448 F.3d at 1144. For these reasons, plaintiff's unfair competition claim is dismissed without prejudice with leave to amend.

### 3. Unjust Enrichment and Restitution Claim

Plaintiff's eighth cause of action for unjust enrichment and restitution is also preempted for the reasons set forth above in section II.B.2(b)(1) justifying dismissal of the CPA claim. Plaintiff's claim simply states: "Through the improper conduct of the Defendants, the Defendants obtained profits to which they were not entitled. It would be unjust for the Defendants to retain those ill-gotten gains." See Dkt. #3, ¶76. Paragraph 75 of the claim, however, also incorporates by reference all of the complaint's prior allegations and claims, including the allegations supporting the two claims for copyright infringement in paragraphs in paragraphs 33 - 50. Based on Kodadek's holding, plaintiff's unjust enrichment and restitution claim is dismissed as preempted because by incorporating the copyright claims by reference, the eighth cause of action is based on rights equivalent to those protected by copyright. Furthermore, the underlying nature of plaintiff's unjust enrichment claim "is part and parcel of a copyright claim" like plaintiff's CPA claim. Laws, 448 F.3d at 1144. Finally, the Court finds the reasoning of this Circuit's prior decisions preempting unjust enrichment claims controlling and persuasive. See Del Madera, 820 F.2d at 977 (preempting unjust enrichment claim); Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001) (dismissing unjust enrichment claim without prejudice on a 12(b)(6) motion because "plaintiff's unjust enrichment claim, which at its core alleges that the defendants unfairly benefitted from their unauthorized

use of WebStash, is equivalent to the rights protected in section 106 of the Copyright Act and is therefore preempted."); <u>Zito v. Steeplechase Films, Inc.</u>, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (dismissing claim on a 12(b)(6) motion because "[w]hile a claim for unjust enrichment may require proof that a benefit was conferred on the defendant, where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption."). For all of these reasons, plaintiff's claim for unjust enrichment and restitution is dismissed without prejudice with leave to amend.

### 4. Contract Rights

As a final matter, plaintiff asserts that its state law claims for violation of the Washington CPA, unfair competition, and unjust enrichment and restitution, "are not preempted for the additional or alternate reason that they also relate to contract rights, especially the right of good faith and fair dealing, arising under the prior settlement agreement over Diamond.com." <u>See</u> Response at 8. Plaintiff states that "[i]t is well established that contractual rights are not equivalent to rights protected by the Copyright Act," citing <u>Grosso v. Miramax Film Corp.</u>, 383 F.3d 965, 968 (9th Cir. 2004), and <u>Altera</u>, 424 F.3d at 1089.

In <u>Grosso</u>, the state claim subject to preemption, however, was itself a contract claim. <u>See Grosso</u>, 383 F.3d at 968 ("Therefore, his claim for breach of an implied-in-fact contract is not preempted by the Copyright Act, because it alleges an extra element that transforms the action from one arising under the ambit of the federal statute to one sounding in contract."). In <u>Altera</u>, the court relied on the Seventh Circuit's reasoning in <u>ProCD, Inc. v. Zeidenberg</u>, 86 F.3d 1447 (7th Cir. 1996) as "compelling" in affirming the district court's ruling rejecting preemption of plaintiff's state cause of action for intentional interference of a contractual relationship. <u>Id.</u> at 1089-90. The court in <u>ProCD</u> noted that "courts usually read preemption clauses to leave private contracts unaffected" in reaching its holding that "a simple two-party contract is not

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                -15-

'equivalent to any of the exclusive rights within the general scope of copyright' and therefore may be enforced." ProCD, Inc., 86 F.3d at 1454-55.

The Altera decision is distinguishable because the parties in the case were not in privity. Instead, Altera's claims were based on its contract with its customers, not a contract with defendant Clear Logic. In contrast here, plaintiff and defendants are parties to a Settlement Agreement and plaintiff is seeking to enforce its rights under this contract through its sixth and seventh causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. Both of these claims expressly rely on the parties' Settlement Agreement. In contrast, there is no reference to the Settlement Agreement in the body of plaintiff's claims for violation of the Washington CPA, unfair competition, and unjust enrichment and restitution. This case is also distinguishable from Grosso, because here the breach of contract claim is not subject to preemption. To the contrary, defendant did not move for dismissal of the contract claim or the claim for breach of the implied covenant of good faith and fair dealing. Therefore, the Court's dismissal of the state law claims at issue accords with the holding of ProCD because the Court is leaving enforcement of the parties' private contract unaffected because the claims for breach of contact and breach of the implied covenant remain part of the litigation. See ProCD, 86 F.3d at 1454.

### III.  CONCLUSION

For all of the foregoing reasons, "Defendant Ice.com's Motion to Dismiss Claims Preempted by the Copyright Act" (Dkt. #24) is GRANTED IN PART and DENIED IN PART. Defendant's motion to dismiss plaintiff's third cause of action for trade dress infringement under 15 U.S.C. § 1125(a) is DENIED. Defendant's motion to dismiss plaintiff's fourth cause of action for violation of the Washington CPA, plaintiff's fifth cause of action for unfair competition, and plaintiff's eighth cause of action for unjust enrichment and restitution without prejudice is GRANTED with leave to amend.

DATED this 18th day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ICE.COM'S
MOTION TO DISMISS                          -17-